## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN BERRYHILL,

                    Plaintiff,


          vs.


METRO COLLECTIONS SVC,

                    Defendant.

Case No. _____


COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT


DEMAND FOR JURY TRIAL

Plaintiff John Berryhill ("Plaintiff") brings this action against defendant Metro Collections SVC ("Metro Collections" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Defendant has been reporting inaccurate information that was published on Plaintiff's credit reports.

2.      Plaintiff submitted a debt validation letter to Defendant disputing the accuracy of reporting and asking Defendant to validate the details of the collection account.

3.      The FDCPA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendant continued to communicate the information without marking the account as disputed.  Defendant's reporting was thus misleading as a matter of law.

4.      Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.  Accordingly, Plaintiff is entitled to damages.

**PARTIES**

5.     Plaintiff resides in Tampa, Florida, and qualifies as a "consumer" as defined and protected by the FDCPA.  Plaintiff is an individual, not an entity.

6.     Defendant Metro Collections is a foreign corporation that regularly conducts business in this District, the principal purpose of which is to attempt to collect debts alleged to be due to another.  Metro Collections qualifies as a "debt collector" under the FDCPA.

**JURISDICTION AND VENUE**

7.     The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b).

**SUBSTANTIVE ALLEGATIONS**

9.     The case involves Metro Collections account.  The underlying debt on the account was originally owned by Surgical Capital Solutions.  The account was purportedly charged off and placed for collection in July 2018.  The Metro Collections account was reported on Plaintiff's Experian and TransUnion credit reports.

10.     On August 13, 2020, Plaintiff sent a debt validation letter directly to Defendant disputing the accuracy of information on the account.

11.     Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendant to cease communicating information about the account without marking the account as disputed.

12.     In addition, Plaintiff submitted written disputes to TransUnion and Experian challenging the information reported on the Metro Collections account.  It is reasonable to infer

that TransUnion and Experian timely notified Metro Collections about the dispute, as required by federal statute.

13.     The receipt of Plaintiff's dispute triggered Defendant's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

14.     Nonetheless, Defendant continued to communicate account information without marking the account as disputed.

15.     Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

## COUNT I

### Against Metro Collection for Violating 15 U.S.C. § 1692e(8)

16.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

17.     15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

3

(emphasis added).

18.     Defendant received a debt validation letter from Plaintiff stating that the information on the account was disputed.

19.     Defendant also received notice of Plaintiff's dispute from TransUnion and Equifax.

20.     Nonetheless, Defendant continued to report the details of Plaintiff's account to the credit reporting agencies without marking the account as disputed.

21.     Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

22.     Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)      awarding Plaintiff statutory damages, actual damages and punitive damages;

b)      awarding attorney's fees and costs, and other relief; and

c)      awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 13, 2021                    **COHEN & MIZRAHI LLP**

                                       */s/ Yosef Steinmetz*
                                       Yosef Steinmetz
                                       300 Cadman Plaza West, 12th Floor
                                       Brooklyn, NY  11201
                                       Phone: 929/575-4175
                                       Fax: 929/575-4195
                                       ysteinmetz@cmlattorneys.com
                                       Florida Bar No. 119968
                                       *Attorneys for Plaintiff*

4